Stamper and Keaton *vs.* The State of Georgia.

No. 74.—Martin W. Stamper, Jr. and B. O. Keaton, plaintiffs in error, *vs.* The State of Georgia.

[1.] Where the securities of one charged with a criminal offence, surrender their principal in open Court, in discharge of their liability, as provided by the Act of 1831, the Solicitor General is not entitled to charge *commissions* on the amount of the bond or forfeited recognizance, but is only entitled to charge the fee of *five dollars*, as prescribed by the Act of 1839, and *no more.*

[2.] All officers charging costs, and exacting its payment from the pocket of the citizen, must always shew the *authority of the law* to do so.

Motion, in Baker Superior Court. Decision by Judge Warren, April Term, 1852.

The plaintiffs in error became bail in a recognizance for the appearance of Martin W. Stamper, Jr., who was charged with an offence in Baker Superior Court. A *sci. fa.* having issued against them to show cause why judgment should not be entered upon the recognizance, they surrendered the body of their principal

in open Court, and moved an order of discharge.   At the same time, the Solicitor General moved for leave to enter judgment for all the costs which had accrued up to that time, and the additional sum of fifty dollars ; being five *per cent.* upon the amount of the bond, as commissions to the said Solicitor General, for  collecting the same.

The Court  granted the  motion  of  the Solicitor  General, and the same (so far as relates to the fifty dollars as commissions) is excepted to, and assigned as error.

STROZIER, for plaintiff in error.

Solicitor General LYON, (represented by DUDLEY,) for the State.

*By the Court.*—WARNER, J. delivering the opinion.

[1.]  The securities in this case, surrendered their principal in open Court in discharge of their liability, on a forfeited recognizance, as provided by the 3d section of the Act of 1831, and the question made by this record is, whether the Solicitor General has the legal right to tax them with the payment of five per cent. commission on the amount of the bond, and to collect the same, as a *condition precedent* to their discharge from liability on such bond or recognizance ?

The Court below held that the  securities  should  pay to  the Solicitor General fifty dollars, before they were entitled to be discharged from their liability.

Whereupon, the securities  excepted, and now assign the same for error here.

The Court was clearly in error, in our judgment, in refusing to discharge the securities, without payment to the Solicitor General of the fifty dollars, as *commissions.*

First, because the Statute authorizing  their discharge  on the surrender of their principal, prescribes *no such  condition.*   And second, because the Solicitor General is not entitled to any such commission as that claimed by him.

By the 1st section of the Act of 1839, the fee of the Solicitor

General in such a case, is *prescribed* and limited to *five dollars. Cobb's Dig.* 362.   This fee of five dollars, is directed by the Act, to be taxed in the bill of costs; to *that*, the Solicitor General is entitled, and *no more.*

In *Simpson vs. the State,* (9 *Georgia Rep.* 111,) we held that officers charging *costs,* and exacting its payment from the pocket of the citizen, must always shew the *authority of the law* to do so.

The Attorneys and Solicitor General, were included in the fee bill of 1792, (*Prince,* 261.)   The 4th and 7th sections of that Act, are very *stringent* against all officers mentioned therein, who shall demand any *greater* or *other fees,* not allowed therein, or such as have since been allowed by subsequent legislation. We intend to say, that all officers are allowed to charge such fees as are allowed by that Act and by subsequent Acts regulating the same, and if they demand more or other fees, *not allowed by law,* then they are amenable to the provisions of that Act.   Let the judgment of the Court below be reversed.