## 39051. HUNTER v. THE STATE.

DECIDED OCTOBER 4, 1961.

*C. B. King,* for plaintiff in error.
*Rosser Malone, Solicitor,* contra.

FRANKUM, Judge. 1. The evidence supports the verdict of guilty, and therefore, the general grounds of the motion for a new trial are without merit.

2. The special ground of the defendant's motion for a new trial complains of the admission of evidence over objection of defendant's counsel. The defendant in her statement to the jury said: "I do not sell any whisky." On the theory of contradiction and impeachment of the above-quoted portion of the defendant's statement, the court allowed for the consideration of the jury, over proper objection of defendant's counsel, the evidence of a witness for the State adduced from the following questions and answers: "Q. You heard the statement that Annie Hunter made that she had never sold any whisky? A. Yes, sir. Q. Is that statement true? A. No, sir. Q. Has she been charged with selling whisky? A. Yes. sir. Q. When was that? A. In 1960. Q. Mr. Stewart, would you

examine that docket and see if there is a case against Annie Hunter involving whisky there. A. There is, Sir. Q. What is it? A. There are two cases, Sir, one is docket number 38420 for possessing tax unpaid whisky, the other being docket number 38421. Q. What disposition was made of those cases? A. In case No. 38420 it says, 'Nol. prossed on payment of costs of $45 on May 16, 1960.' Case No. 38421, being that of selling beer without a license on Sunday, it says, 'Nol. prossed on payment of costs, May 16, 1960.' "

It is a fundamental and elementary principle of our law that one accused of crime is presumed innocent until proved guilty. We assume that the defendant paid the costs on the two cases which were identified by the witness as having been nol. prossed. Such payment of costs adds nothing to make the record of the cases admissible to contradict or impeach the defendant's statement that "I do not sell any whisky". No officer has the right to demand or receive of one accused of crime costs on a criminal case which has been nol. prossed.

"An indictment may be quashed or nolle prosequi entered thereon and the prosecution continue in another indictment which may be preferred. 5 Words & Phrases, 4814, defines it thus: 'A nolle prosequi is a voluntary withdrawal by the prosecuting officer of *present* proceedings on a *particular* bill. At common law it might be retracted at any time, and was not a bar to subsequent prosecutions on another indictment.' " *Price v. Cobb*, 60 Ga. App. 59, 61 (3 SE2d 131).

*Code* § 27-1801 provides: "After an examination of the case in open court, and before it has been submitted to the jury, the solicitor general may enter a nolle prosequi with the consent of the court. After the case has been submitted to the jury, a nolle prosequi shall not be entered except by the consent of the defendant."

A *nolle prosequi* does not adjudicate either the innocence or guilt of the accused unless the accused has been placed in jeopardy. *Doyal v. State*, 70 Ga. 134.

*Code* § 27-2801 provides in part: "The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after conviction on final trial."

"The officer charging costs should always show the authority of the law to exact its payment from the pocket of the citizen." *Peters v. State,* 9 Ga. 109, 111.

"All officers charging costs, and exacting its payment from the pocket of the citizen, must always show the *authority of the law to do so.*" *Stamper v. State,* 11 Ga. 643.

The court erred in overruling the special ground of the defendant's motion for a new trial.

*Judgment reversed. Townsend, P. J., and Jordan, J., concur.*