## 52794. JACKSON v. THE STATE.

McMURRAY, Judge.

On September 12, 1974, defendant was indicted on four counts of violating Code § 27-503 (professional bondsmen suggesting the employment of an attorney to represent the applicant during the negotiations for the bond — a misdemeanor). On motion to quash the indictment because there were no names of female citizens in the grand jury box from which the grand jury was drawn which returned the indictment, the motion was sustained, and the indictment quashed by order dated March 11, 1976. Within six months of that date, and on March 15, 1976, an accusation was filed incorporating the basic charges found in the special presentment which had been previously quashed.

A motion for severance was granted and the defendant was tried on March 17 and 18, 1976, and only convicted as to Count 1. He was sentenced to serve 12 months and pay a $1,000 fine. It was stipulated that the defendant was a professional bondsman. Motion for new trial was filed, amended, and denied. Defendant appeals. *Held:*

1. The offense for which the defendant was tried allegedly occurred on March 18, 1974, according to the special presentment of the grand jury returned September 12, 1974. There was some evidence that it occurred no later than February 4 or 5, 1974. The indictment was quashed March 11, 1976, and the accusation was filed on March 15, 1976. Defendant contends that the accusation was barred within two years after the commission of the offense in accordance with Code § 27-601 (4), citing *Love v. State,* 70 Ga. App. 40, 41 (27 SE2d 337), and the state would be limited to evidence in proving the offense to have occurred within a two-year period prior to March 15, 1976, that is, no earlier than March 15, 1974, whereas evidence shows it could not have occurred later than February 4 and 5, 1974. The accusation does not show on its face it was barred by the two-year statute. If an indictment is found within the time limited and if for any informality shall be quashed, a new indictment or accusation may be found and prosecuted within six months from the time the first is quashed. No indictment was necessary as this was a misdemeanor charge. The offense was not barred by the statute of limitation under Code § 27-601, as the six-month limitation after the indictment was first quashed applies also to accusations. *Crawford v. State,* 4 Ga. App. 789 (5) (62 SE 501); *Hodges v. State,* 98 Ga. App. 97, 107 (104 SE2d 704). The first presentment arrested the running of the statute. *Brock v. State,* 22 Ga. 98 (1); *Alewine v. State,* 103 Ga. App. 120 (118 SE2d 499).

2. The court did not err in refusing to strike certain testimony of witnesses relating to a conversation on the telephone with a person who told the witness it was the defendant. This testimony was not hearsay or self-serving, but a circumstance that the witness may have talked to the defendant on the occasion in question.

3. The state was entitled to a thorough and sifting cross examination of the defendant's witness concerning other named persons who had come to the office of the defendant, a bondsman, and that they were likewise represented by the attorney in question. This testimony was material to the issue at hand to show a course of dealing between the defendant and the attorney as to prospective clients meeting at the defendant's office. Other questions asked of her in regard to her child and the support for same were authorized inasmuch as the state was entitled to a thorough and sifting cross examination as to bias and prejudice.

4. The court did not err in denying the motion for mistrial made when the attorney was called as a witness, and the district attorney suggested to the court that even though the witness was a lawyer that an investigation was going on concerning a number of people, including the witness, and the court should advise him of his rights under the law. While a better practice would have been to exclude the jury when this occurred, we find no error. It is also noted that counsel did not ask that the jury be excluded but allowed same to occur in the hearing of the jury. However, it is not shown that the statement to counsel as to his rights to elect to refuse to answer any question which might tend to incriminate him or to hold him up to public ridicule did not affect the credibility of this witness by bringing this out in the presence of the jury. Nor was the defendant's character placed in issue by this colloquy as irrelevant matter. Code § 38-202. The court did not err in allowing a thorough and sifting cross examination of the witness attorney as to the number of clients he had represented in that court whom he had met by and through or in some way were connected to the defendant. The evidence tended to prove motive and intent as to possible other mutually dependent crimes or prior attempts to commit the crime or offense for which he stands charged. The case of *Dunkum v. State,* 138 Ga. App. 321, 326 (226 SE2d 133), as to guilt by association is not applicable here.

5. Evidence that the defendant had held himself out as an investigator for the attorney was not only authorized as rebuttal of defendant's claim that he never

held himself out as an investigator for the attorney, but it was relevant and material to proof of the offense charged. See Code § 38-1802.

6. The court did not err in recalling the jury and reinstructing the jury specifically to correct an erroneous portion of the charge as to the statute of limitation law set forth in Code § 27-601. The correction by the court could not be said to be misleading and confusing to the jury and to be a failure to adequately and clearly instruct the jury as to the time frame in which they must find the offense charged occurred. See *Central of Ga. R. Co. v. Ray,* 133 Ga. 126 (1) (65 SE 281); *McLaughlin v. State,* 132 Ga. App. 88 (2) (207 SE2d 629).

7. Having considered each and every enumeration of error which the defendant had not abandoned expressly, or impliedly, by failing to properly argue same, and finding no error, the judgment is affirmed.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 12, 1976 — Decided November 1, 1976.

*Harry F. Thompson,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.