## 61301. BOWENS v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for forgery in the first degree.

Defendant was indicted in August 1979 on two counts of forgery in the first degree. Because the allegations of the indictment described only forgery in the second degree, before the case was submitted to the jury the trial court granted the state's motion to enter a nolle prosequi. In December 1979 defendant was reindicted on forgery in the first degree with the same two counts properly described as such. Defendant filed a plea in bar to the indictment, which was overruled and the defendant was tried and convicted as indicted. *Held:*

The sole enumeration is that the trial court erred in overruling the plea in bar because defendant had been prosecuted on the first indictment, and prosecution of the second indictment was a violation of Code Ann. § 26-506 (a) prohibiting more than one prosecution of several crimes arising from the same conduct. Since the reindictment was a continuation of the same prosecution, the enumeration has no merit.

Code Ann. § 27-1801 provides: "After an examination of the case in open court, and before it has been submitted to the jury, the district attorney may enter a nolle prosequi with the consent of the court. After the case has been submitted to the jury, a nolle prosequi shall not be entered except by the consent of the defendant."

"If an indictment is found . . . and for any informality shall be quashed or a nolle prosequi entered, a new indictment may be found and prosecuted within six months from the time the first is quashed or the nolle prosequi entered." Code Ann. § 27-601.

That a nolle prosequi has been entered to an indictment before it has been submitted to the jury is not a sufficient ground to sustain a plea in bar to a reindictment for the same offense. *Doyal v. State,* 70 Ga. 134 (3).

This court has also said, in holding that an action for malicious prosecution could not be brought until the criminal prosecution was finally terminated: "Under Code Ann. § 27-1801, 'a nolle prosequi may be entered by the solicitor with the consent of the court. In such a case a new indictment may be found within six months from the time the first indictment is quashed or the nolle prosequi entered . . . Its effect therefore is not necessarily the ending of the prosecution, but the continuance of the same. Not until the expiration of the six-months period within which a new indictment for the same offense may be preferred, or some other act or declaration which amounts to abandonment, is the prosecution at an end.' [Cits.]."

*Earlywine v. Strickland,* 145 Ga. App. 626, 627 (244 SE2d 118).
  *Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981 —

*Daniel F. Byrne,* for appellant.
  *Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.

