## 64415. DAY v. THE STATE.

SOGNIER, Judge.

We granted appellant's request for interlocutory appeal in which he contends the trial court erred by denying his plea of former jeopardy in bar of trial.

Day entered into a buy and sell agreement with Tifton Contractors, Inc., for the purchase of three used bulldozers at a total price of $135,000. Day gave his check in that amount to Tifton Contractors at their office in Tifton, Tift County, Georgia; by an arrangement made between the parties, the bulldozers were picked up in Greene County, Georgia on October 13, 1978 and transported to Day's place of business in Aiken, South Carolina. When the check, dated October 13, 1978 was first deposited to Tifton Contractors' account, it was returned for insufficient funds. It was redeposited twice and returned both times. After unsuccessful attempts to get the money due or recover the bulldozers Bryan, the president of Tifton Contractors, swore out a criminal warrant against Day in Tift County, charging him with issuing a bad check.

Appellant was indicted at the December, 1978 term of Tift County Superior Court on the bad check charge. He filed a demand for trial in March, 1979. The case was not tried in that term or the next succeeding term, therefore, on September 7, 1979 appellant filed a Plea of Autrefois Acquit and Motion to Dismiss. On September 18, 1979 the motion to dismiss was granted and the case was dismissed. Pursuant to the provisions of Code Ann. § 27-1901, the action constituted an absolute discharge and acquittal of the offense charged. *Dickerson v. State,* 108 Ga. App. 548, 549 (134 SE2d 51)

(1963).

On September 14, 1979 a warrant was sworn out against appellant in Morgan County on a charge of theft by deception; that warrant was dismissed because of improper venue. On September 20, 1979 a warrant was sworn out in Greene County on the same charge, i.e., theft by deception. Appellant was indicted on this charge and prior to arraignment, he filed a plea of former jeopardy in bar of trial. In his plea he alleged that the substance of the theft charge was the same as the substance of the bad check charge of which he was acquitted in Tift County. His motion was denied and he filed this interlocutory appeal.

There is no question that the basis of the theft by deception charge is appellant's issuance of the bad check in payment for the bulldozers. The indictment states in pertinent part: "In that said Robert Samuel Day did obtain property [the bulldozers] of Tifton Contractors, Inc. . . . by deceitful means with the intention of depriving the owner of said property in that said . . . Day did create a false impression of Buddy Bryan . . . of an existing fact which . . . Day knew to be false, that impression being that there were sufficient funds in the checking account of Day Equipment Co. . . . to pay the amount of $135,000 . . . as purported payment for said property . . ."

As early as 1868 our Supreme Court held: "Where a party has been discharged and acquitted by the order of the Court, . . . of an offence for which he was indicted, and is afterwards indicted a second time *for the same criminal acts* as alleged in the first indictment, though under a different named offence, he may plead his discharge and acquittal under the first indictment, in bar of the second." (Emphasis supplied.) *Holt v. State,* 38 Ga. 187 (1868). In *Crumley v. City of Atlanta,* 68 Ga. App. 69, 73 (22 SE2d 181) (1942) this court held: " 'To avoid any confusion on this subject [former jeopardy], we adopt the rule . . . that the plea of autrefois acquit or convict is sufficient, whenever the proof shows *the second case to be the same transaction with the first.*' Charging the same crime in two different ways will not justify two prosecutions. *Holt v. State,* 38 Ga. 187. . . . The words 'same offense' in our constitution [Code Ann. § 2-115], prohibiting a second jeopardy, do not signify the same offense eo nomine, *but the same criminal act* or omission . . ." (Emphasis supplied.)

In Illinois v. Vitale, 447 U. S. 410 (c) (100 SC 2260, 65 LE2d 228), Vitale struck two small children with his automobile, and was first convicted for failing to reduce speed to avoid an accident. Thereafter, he was charged with two counts of involuntary manslaughter. The Supreme Court of the United States held that "if in the pending manslaughter prosecution Illinois relies on and proves a failure to

reduce speed to avoid an accident as the reckless act necessary to prove manslaughter, respondent would have a substantial claim of double jeopardy." This principle was adopted by the Georgia Supreme Court in *State v. Burroughs,* 246 Ga. 393 (271 SE2d 629) (1980). Applying the holding of Vitale to the facts of the instant case, it is clear that the *only* way the state could prove the alleged theft by deception as charged would be to rely on and prove the issuance of a bad check. Thus, appellant's double jeopardy claim is valid and he cannot be tried on the theft by deception charge, since it is based on the same criminal act that formed the basis of his bad check charge. *Holt, Crumley,* Vitale, supra. Accordingly, the trial court erred by denying appellant's former jeopardy plea in bar of trial.

*Order of trial court reversed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982.

*James L. Cline, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, A. C. Martinez, Jr., Assistant District Attorney, E. Roy Lambert, Allen R. Roffman,* for appellee.