A89A1111. ALEXANDER v. THE STATE.
(384 SE2d 436)

McMurray, Presiding Judge.

Defendant appeals his conviction of the offense of simple battery. The sole enumeration of error contends the trial court "erred in overruling the amended Motion for New Trial in that the State was precluded from trying [defendant] in Case No. 87-D-2580-1 [the case sub judice] after the disposition of the same facts and with the same witnesses in Case No. 86-D-2148-1 on October 7, 1987." *Held*:

Pretermitting any issues which may arise from defendant's failure to raise the issues argued on appeal by a timely and appropriate method or to provide a record fully supporting his factual assertions, we find no error in the denial of defendant's amended motion for new trial and affirm defendant's conviction. An order of nolle prosequi was entered in the earlier simple battery prosecution (86-D-2148) on October 7, 1987, due to the failure of both prosecution and defense witnesses to appear for trial. A defendant may be reaccused within six months after the entering of a nolle prosequi. OCGA § 17-3-3; *Hodges v. State*, 214 Ga. 614 (1) (106 SE2d 795); *Jackson v. State*, 140 Ga. App. 288, 289 (1) (231 SE2d 805). The accusation in the case sub judice was entered well within this time limit.

Defendant contends that the prosecution in the case sub judice is barred by OCGA § 16-1-8 (b) (1). Apparently, defendant contends that the prior case resulted in either a conviction or an acquittal.

A nolle prosequi does not adjudicate either innocence or guilt of the accused unless the accused has been placed in jeopardy. See

*Hunter v. State,* 104 Ga. App. 576 (122 SE2d 172). A defendant is not placed in jeopardy until the jury has been impaneled and sworn. *Turner v. State,* 152 Ga. App. 354 (1) (262 SE2d 618). Apparently, no jury was impaneled and sworn in the prior prosecution at issue, therefore, the nolle prosequi is no bar to the prosecution of defendant in the case sub judice. *Bowens v. State,* 157 Ga. App. 334 (277 SE2d 326). Nor, since the prior prosecution had not gone to the jury, was defendant's consent required for the entry of nolle prosequi in the prior prosecution. *Fortson v. State,* 13 Ga. App. 681 (79 SE 746).

Also, *Day v. State,* 163 Ga. App. 839 (296 SE2d 145), cited by defendant, must be distinguished on the facts since the earlier prosecution in that case was dismissed resulting in an absolute discharge and acquittal. Defendant's motion to dismiss the earlier prosecution in the case sub judice was apparently never explicitly ruled on by the trial court, but perhaps implicitly denied by the entry of the nolle prosequi. In either event, it did not act as an acquittal and defendant has shown no error in its denial.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 10, 1989.

*Harrison & Harrison, G. Hughel Harrison,* for appellant.
*Gerald N. Blaney, Solicitor,* for appellee.

