A90A1916, A90A1917. HUFF v. THE STATE (two cases).
(398 SE2d 258)

DEEN, Presiding Judge.

While investigating a burglary at a self-storage facility in Griffin, Georgia, law enforcement officers saw in plain view, through a 20-inch-wide hole in the wall separating the storage bin they were investigating from the adjacent bin, a large number of gallon milk jugs stacked in crates that filled the area. Suspicious as to the jugs' contents both because the jugs were so numerous and because of a seemingly unrelated incident that had occurred the previous evening, an officer reached through the aperture and removed the screw-top from one of the jugs, none of which appeared to bear tax stamps. The officer concluded that the jugs were filled with "moonshine whiskey," a conclusion later confirmed by State Crime Laboratory tests performed subsequent to seizure of the jugs.

A Spalding County jury found appellant guilty as charged, and he unsuccessfully sought a new trial on the general grounds. He subsequently entered a plea in bar based on an allegation of double jeopardy. He now appeals from the judgment entered on the jury verdict and also from the denial of his plea in bar. *Held*:

1. In a consolidated enumeration of errors, appellant assigns error to the trial court's denial of his motions to suppress the evidence, for directed verdict of acquittal, for mistrial due to alleged prosecutorial misconduct, and to quash the original accusation. He also enumerates as error the trial court's failure to require that he receive five days' notice of arraignment and the overruling of his plea in bar. Dealing first with the plea in bar and the motion to quash the accusation (Case No. A90A1917), we find that, according to the record, the jurors were not sworn until after the quashing and dismissal of the accusation on which he was originally brought to trial. It is well settled in Georgia law that jeopardy does not attach until after the jury is impaneled *and sworn. Alexander v. State*, 192 Ga. App. 211, 212 (384 SE2d 436) (1989).

The record further reveals that only one accusation — not two — was quashed, contrary to appellant's allegation. OCGA § 16-1-8 operates to bar double jeopardy only in the presence of a set of facts not obtaining here. This enumeration has no merit; nor, by the same token, has the enumeration pertaining to the motion to quash the accusation.

2. As to appellant's enumeration regarding lack of statutory no-

tice (#6), the record shows that the accusation upon which he was tried was filed July 21, 1989. Appellant and his attorney appeared in court for arraignment on July 24 and entered a plea of "not guilty." Under the relevant statute, OCGA § 17-7-91 (c), "The appearance and entering of a plea by the accused shall be a waiver of the [five days'] notice required in this Code section." Appellant is therefore deemed to have waived his right to five days' notice, and the sixth enumeration is without merit.

3. Examination of the records of both these related cases reveals that under the evidentiary and procedural facts obtaining here, the trial court ruled properly on all the motions involved in appellant's second, third, and fourth enumerations of error, and that these enumerations are consequently without merit.

*Judgments affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 10, 1990.

*Virgil L. Brown & Associates, Eric D. Hearn, Bentley C. Adams III,* for appellant.

*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant Solicitor,* for appellee.