## S16A1010. KING v. THE STATE.
### (794 SE2d 110)

BENHAM, Justice.

This appeal arises from Michael B. King's conviction after a jury trial on charges brought against him for violation of Clayton County Code of Ordinances Section 62-202 (a), which makes it unlawful for the owner or occupant of real property "to utilize such property for the outside storage of . . . rubbish, trash, garbage or similar items, without a special permit therefore . . . ." The record shows King was charged in 2010 for a violation of this code section but the 2010 case was dismissed after the county solicitor's motion for nolle prosequi was granted. A new citation for violation of the same code section was

served on King on or about November 12, 2014. In response to King's demand for a jury trial, the case against King was transferred to Clayton County State Court and the county solicitor issued a formal accusation charging King with violation of this county ordinance dated January 14, 2015.[1] King's motion to dismiss on several grounds, including a plea in bar asserting double jeopardy, was denied. The case proceeded to trial, and King was convicted and sentenced. King is an attorney who practices in Clayton County and an elected member of the school board and, among other things, King argues he was prosecuted for political reasons. Having reviewed the record and the applicable law, however, we find no merit in this assertion, and for the reasons set forth below, we affirm.

1. Enumerations of error numbers 1 and 9 set forth by King relate to his assertion that his prosecution was barred by the constitutional prohibition against double jeopardy since he claims he was acquitted of this same charge in 2010. But King was not acquitted of the earlier charge; the 2010 charge for violation of county ordinance section 62-202 (a) was simply dismissed by virtue of the entry of a nolle prosequi. Nolle prosequi does not adjudicate innocence or guilt unless the accused has been placed in jeopardy. See *Alexander v. State*, 192 Ga. App. 211 (384 SE2d 436) (1989); *Hunter v. State*, 104 Ga. App. 576, 577 (2) (122 SE2d 172) (1961). "As a general rule, a person is in jeopardy when he is regularly charged with a crime before a court of competent jurisdiction and a trial has commenced . . . ." *State v. Smith*, 185 Ga. App. 694, 696 (365 SE2d 846) (1988). King fails to show jeopardy had attached prior to the entry of the nolle prosequi of the 2010 charge. Relying upon OCGA § 17-7-170 (b), King also asserts he is entitled to acquittal because he was not tried within two terms of court after he filed a demand for speedy trial with respect to the 2010 charge. First, the record shows King waived his demand for speedy trial made in the 2010 case. Secondly, over four years passed between the 2010 accusation for illegally utilizing his property for the outside storage of rubbish and the date of the 2015 accusation for illegal storage of rubbish. King made no showing, and it is unreasonable to assume, that the 2015 charge arises from the illegal storage of the same and no additional items at issue in the 2010 charge. We reject the assertion that prosecution of the 2015 charge against him is barred on the ground of double jeopardy or failure to prosecute him timely.

---

[1] The 2015 accusation also charged King with violation of another code section, but this second count of the accusation was nolle prossed.

King asserts in enumeration of error number 6 that the trial court erred by failing to give certain requested jury charges he now claims were related to his malicious prosecution and double jeopardy defenses. As the State points out, King's assertion that without these requested charges the jury could not properly consider these two defenses is raised for the first time on appeal. Accordingly, the failure to give these charges is reviewed for plain error, which requires a clear or obvious legal error that likely affected the outcome of the proceedings. See *Bradford v. State*, 299 Ga. 880, 885 (6) (b) (792 SE2d 684) (2016). Finding no plain error in the trial court's failure to give the requested instructions, we reject the argument made in this enumeration of error.

2. Enumeration of error number 2 is based on the assertion that the trial court erred in denying King's request to declare the county code section at issue to be unconstitutionally vague. This constitutional challenge was included in King's motion to dismiss on this and other grounds, which was heard prior to trial. The order denying the motion to dismiss states simply that the motion was denied on all grounds, and further recites that "the [c]ourt hereby incorporates its rulings made on the record." Consequently, we reject King's assertion that the trial court improperly failed to make an express ruling on his constitutional challenge and that the case should be remanded for further findings. Although the written order denying the motion appears in the record, the order lacks sufficient findings to permit this Court to conduct a meaningful appellate review, and King failed to attach a transcript of the hearing at which the court's rulings were made. The appellant bears the burden of proving error by the appellate record, and where, as here, insufficient information was preserved in the record for appellate review, the trial court ruling must be upheld. See *Ware v. State*, 279 Ga. 17, 18 (2) (608 SE2d 643) (2005). For the same reason we reject the argument made in enumeration of error number 3 that the trial court erred in denying King's assertion that OCGA § 17-7-71 (a), relating to the circumstances in which a misdemeanor accusation must be supported by an affidavit, is unconstitutionally vague.

We also reject King's assertion that the trial court erred in denying his request to charge the jury on what he claims was the solicitor's duty to file an affidavit in support of the accusation filed against him pursuant to OCGA § 17-7-71 (a). The statute clearly states that an affidavit to support the accusation is required only "where the accusation is to be used as the basis for the issuance of a warrant for arrest of [a] defendant" who has not been previously arrested with respect to the transaction charged in the accusation. The record reflects no evidence that a warrant was issued for King's

arrest in this case, and therefore King has failed to show the requested instruction was applicable or required.

3. King asserts that pursuant to code section 62-202 (e), he was entitled to five days' notice before a citation for violation of this code section was issued against him, and that since the State presented no evidence that King was given such notice he is entitled to a directed verdict. The language of subsection (e) of section 62-202, however, states that such notice is required to provide the property owner an opportunity to correct the deficiencies before the county has authority to enter the property and bring it into compliance at the owner's expense. No record evidence indicates the county entered King's property to bring it into compliance, and thus King failed to show he was entitled to a directed verdict on this ground. For the same reason, no plain error is shown by the trial court's refusal to give requested jury charges relating to the five-day notice requirement. Accordingly, we reject King's enumerations of error numbers 4, 5 and 8.

4. King served a witness and document subpoena upon the county solicitor attempting to secure her attendance as a witness at trial to testify regarding the circumstances surrounding the decision to file a motion for nolle prosequi of the 2010 criminal accusation that was filed against him and dismissed. Because King failed to demonstrate a compelling need for the prosecutor to be called as a defense witness, the trial court did not err by quashing this subpoena, contrary to King's assertion in enumeration number 10. See *United States v. Roberson*, 897 F2d 1092, 1098 (F) (11th Cir. 1990); *Goodwin v. State*, 320 Ga. App. 224, 231 (3) (739 SE2d 712) (2013).

5. Addressing King's enumeration of error number 11, we find no error in the trial court's order to quash the trial subpoena King attempted to serve on the police chief since King presented no competent evidence it had been properly served. See *Edenfield v. State*, 147 Ga. App. 502 (249 SE2d 316) (1978).

6. Addressing enumeration of error number 12, we find the trial court did not abuse its discretion in placing conditions on the grant of appellant's supersedeas bond. See *Dudley v. State*, 230 Ga. App. 339, 341 (496 SE2d 341) (1998) (bond in a misdemeanor case may be conditioned upon reasonable restrictions on the defendant's behavior).

7. In enumeration of error number 13, King asserts the trial court erred by proceeding to trial and by sentencing him on the guilty verdict after he had filed a notice of appeal of the order denying his motion to dismiss the charges on the grounds of double jeopardy and

that his prosecution was time barred. But, citing *DeSouza v. State*,[2] the trial court made an express finding in its written order that King's plea of double jeopardy was frivolous and dilatory so that the filing of the notice of appeal did not divest the trial court of jurisdiction, and the trial court delayed the proceedings to allow King to petition the appellate court for an order of supersedeas. No supersedeas order appears in the record. Since this Court has rejected the double jeopardy and time-bar claims on the merits, the jurisdiction of the trial court to proceed to trial is affirmed. See *Harvey v. State*, 296 Ga. 823, 837 (3) (770 SE2d 840) (2015).

8. King's original brief contained thirteen enumerations of error. This appeal was initially filed in the Court of Appeals, which later transferred the case to this Court for jurisdictional reasons. The Court of Appeals entered an order permitting King to refile his brief to correct formatting errors, and when King refiled his brief it included an additional fourteenth enumeration of error not set forth in his initial filing. In that new enumeration of error, King asserts the trial court erroneously denied his motion in limine to exclude the testimony of the code enforcement officer as well as photographs the officer took depicting items stored in the open carport of King's residence because, King claims, this evidence was illegally obtained without a search warrant. Pretermitting the issue of whether this additional enumeration should not be considered because it was untimely filed, we conclude the trial court properly denied the motion in limine because no legitimate expectation of privacy exists for things stored outside the home that are exposed to public view. See *Geiger v. State*, 295 Ga. 190, 193 (2) (758 SE2d 808) (2014); *State v. Tye*, 276 Ga. 559, 563 (3) (580 SE2d 528) (2003) (addressing the plain view doctrine in the context of a motion to suppress).

*Judgment affirmed. All the Justices concur, except Hines, P. J., not participating.*

DECIDED NOVEMBER 21, 2016.

*Michael B. King*, pro se.
*Tasha M. Mosley, Solicitor-General, Chaundra D. Lewis, Shalonda L. Jones-Parker, Assistant Solicitors-General*, for appellee.

---

[2] 285 Ga. App. 201, 202-203 (645 SE2d 684) (2007).