313 Ga. 40
FINAL COPY

S21G0485. GRULLON v. THE STATE

LaGrua, Justice.

In September 2017, a jury found Victor Grullon guilty of trafficking heroin, and the trial court sentenced him to serve 30 years in prison. Grullon appealed, challenging the sufficiency of the evidence and arguing that the trial court gave an erroneous jury charge on deliberate ignorance. The Court of Appeals affirmed Grullon's conviction, concluding that the evidence was constitutionally sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and that Grullon did not show "reversible error because he affirmatively stated to the trial court that he had no objection after the jury was charged." *Grullon v. State*, 357 Ga. App. 695, 695 (849 SE2d 291) (2020). We granted certiorari to decide whether the Court of Appeals correctly held that Grullon affirmatively waived his claim that the trial court gave an erroneous jury instruction on deliberate ignorance. Because we

answer this question in the negative, we reverse that portion of the judgment of the Court of Appeals.

1. *Pertinent facts and procedural history.*

(a) *Factual background.*

The underlying facts, as summarized by the Court of Appeals, see *Grullon*, 357 Ga. App. at 696-697 (1), show that in early 2016, the federal Drug Enforcement Administration, together with various local law enforcement agencies, conducted an investigation into Marcelo Enciso-Rodriguez. Law enforcement officers believed Enciso-Rodriguez was acting as a middleman in a heroin trafficking operation that involved a supplier in Mexico, known as "Mariachi," and buyers from New York and Philadelphia. The buyers would drive to the metro Atlanta area and meet Enciso-Rodriguez at a QuikTrip convenience store, where he would give them a car battery in which heroin was concealed. As part of their investigation, officers conducted surveillance on Enciso-Rodriguez through telephone wiretaps, a video camera mounted on a pole in the QuikTrip parking lot, and a stake-out across the street from the

2

QuikTrip.

In January 2016, officers observed a transaction between Enciso-Rodriguez and a man later determined to be Tomas Hernandez, in which Enciso-Rodriguez gave Hernandez a car battery. Before and after the meeting with Hernandez, Enciso-Rodriguez spoke with Mariachi, using coded phrases referring to Hernandez and to the amount of money involved in the transaction.

On February 5, 2016, Mariachi and Enciso-Rodriguez spoke on the phone about another transaction. Apparently referring to a new buyer, Mariachi told Enciso-Rodriguez that "he left today" and would arrive to meet with Enciso-Rodriguez at some point the following day, possibly in the morning.

On the morning of February 6, Enciso-Rodriguez had a series of telephone conversations with a man, later identified as Grullon, who asked for directions to the QuikTrip. Grullon and Hernandez, the buyer from the January transaction, arrived at the QuikTrip in a vehicle with New York plates registered to Grullon. Enciso-Rodriguez gave Hernandez a car battery, which Hernandez placed

in the vehicle, and Hernandez and Grullon drove away. Officers followed the vehicle and stopped it shortly thereafter for a tag violation. When officers stopped the vehicle, Hernandez was driving, and Grullon was seated in the front passenger seat. Hernandez consented to a search of the vehicle. He told the officers that he and Grullon had been in Atlanta for two days visiting a friend and that the battery in the back of the vehicle belonged to him. When the officers began asking questions about the car battery, Grullon appeared as though he might "pass out." The officers cut apart the battery and found six bricks of a substance inside, which were later tested and found to be a mixture containing heroin, weighing 465 grams.

(b) *Trial court proceedings.*

In January 2017, Grullon was indicted by a Gwinnett County grand jury, together with Encisco-Rodriguez and Hernandez,[1] on one count of trafficking in morphine, opium, or heroin under OCGA

---

[1] Encisco-Rodriguez and Hernandez were also indicted for one count of conspiracy to commit trafficking heroin.

4

§ 16-13-31 (b).[2] Grullon's case proceeded to trial in September 2017.

During the charge conference, the State requested that the trial

court give the following jury instruction on deliberate ignorance,[3]

citing *Perez-Castillo v. State*, 257 Ga. App. 633, 635 (572 SE2d 657)

(2002):

> The element of knowledge, intent, may be satisfied
> by inferences drawn from proof that a defendant
> deliberately closed his eyes to what would otherwise have
> been obvious to him. A finding beyond a reasonable doubt
> of conscious purpose to avoid enlightenment would permit
> an inference of knowledge. Stated another way, a
> defendant's knowledge of a fact may be inferred from
> willful blindness to the existence of the fact. Again,
> whether or not you draw such an inference is a matter
> solely within your discretion.

---

[2] Under OCGA § 16-13-31 (b), a "person who sells, manufactures, delivers, brings into this state, or has possession of four grams or more of any [of a list of specified] substance[s], . . . including heroin, . . . or four grams or more of any mixture containing any such substance . . . commits the felony offense of trafficking in illegal drugs[.]"

[3] The State had previously informed the trial court during a hearing on Grullon's motion for directed verdict that it would be asking for a jury instruction on deliberate ignorance. The State argued that such a charge was appropriate in this case because, even if Grullon was not "fully apprised of what [wa]s in that battery," he at least knew something was "amiss." Grullon objected, contending that, for this charge to be proper, the State would have been required to "show that there were signs that [Grullon] should have known" what was in the battery, but the State failed to make this showing or otherwise show "a sufficient factual basis" for this charge.

5

Grullon objected to the State's requested charge, asserting that this charge should not be given in circumstances where the evidence "points to either actual knowledge or no knowledge on the part of the defendant," and the State had argued that Grullon had a basis for actual knowledge in this case. The trial court overruled Grullon's objection and gave the State's requested charge on deliberate ignorance.

When the trial court completed the final instructions to the jury, the trial court asked the parties whether there were any exceptions, and Grullon's trial counsel replied, "No, sir, Judge." Grullon was convicted by the jury of trafficking in 28 or more grams of a mixture containing heroin under OCGA § 16-13-31 (b) (3) and sentenced to 30 years in prison.

Grullon subsequently filed a motion for new trial, asserting that there was insufficient evidence for the jury to find he was in constructive possession of the drugs and that the trial court gave an erroneous jury charge on the issue of deliberate ignorance. With respect to the jury charge, Grullon argued that the trial court erred

6

in giving this instruction because it unconstitutionally reduced the State's burden of proof by conflating the "knowledge" and "intent" elements of the offense – a different argument than the one he raised when he objected to the instruction at the charge conference. The trial court denied Grullon's motion for new trial, and Grullon appealed his conviction to the Court of Appeals.

(c) *Grullon's appeal to the Court of Appeals.*

On appeal, Grullon challenged the sufficiency of the evidence and asserted that the trial court erred in giving the deliberate ignorance charge "because the charge equated intent with knowledge." *Grullon*, 357 Ga. App. at 700 (2). The State conceded on appeal that this charge was erroneous, but argued that the error was harmless. See id. See also *Matos-Bautista v. State*, 353 Ga. App. 773, 778 (1) (839 SE2d 260) (2020) ("[A] charge on deliberate ignorance that equates intent with knowledge, or which tends to confuse those concepts, is erroneous."). Without addressing whether the trial court committed an obvious error in giving this charge or if any error was harmful, the Court of Appeals concluded that

7

Grullon did not preserve this claim of error for regular appellate review. Although he objected to the charge at the charge conference (albeit on different grounds), Grullon did not object to the charge at the time it was given. For that reason, his claim that the trial court erred by giving the charge is subject to review only for plain error.

And Grullon cannot show plain error, which among other things requires a showing that the error has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011) (citation and punctuation omitted). After giving the charge to the jury, the trial court asked if Grullon had any objection to it, and his trial counsel responded "no." By affirmatively stating that he had no objection to the charge to the jury, Grullon waived any claim that the charge was improper, meaning that he cannot show plain error. See *Lee v. State*, 347 Ga. App. 508, 512 (2) (b) (820 SE2d 147) (2018).

*Grullon*, 357 Ga. App. at 700 (2) (citation and punctuation omitted).

The Court of Appeals accordingly affirmed the trial court. See id.

For the reasons that follow, we conclude that the Court of Appeals erred in identifying affirmative waiver under the facts of this case, and, thus, we reverse this division of the Court of Appeals' decision and remand the case for reconsideration of other elements of plain error review.[4]

---

[4] Grullon did not seek certiorari review of the Court of Appeals' holding

8

2. *Analysis.*

Grullon did not affirmatively waive his claim that the trial court erred in giving an erroneous jury instruction.

Under OCGA § 17-8-58:

> (a) Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.
> (b) Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.

In accordance with subsection (a), a party who objects to any of the charges given to the jury is obligated to raise that objection before the jury retires to deliberate. See OCGA § 17-8-58 (a). See also *Cheddersingh v. State*, 290 Ga. 680, 682 (2) (724 SE2d 366) (2012) (holding that it was the appellant's "duty to inform the court

---

that the evidence was sufficient, see *Grullon*, 357 Ga. App. at 696-700 (1), and that part of the Court of Appeals' judgment stands.

of the specific objection and the grounds for such objection before the jury retired to deliberate" (citation and punctuation omitted)). Here, Grullon did not reiterate his objection to the deliberate ignorance charge after the trial court gave the final instructions to the jury in accordance with OCGA § 17-8-58 (a); additionally, the ground for his objection at trial was different than the ground he asserted on appeal. See *Nalls v. State*, 304 Ga. 168, 172 (2) (a) (815 SE2d 38) (2018) (noting that at the charge conference, the appellant's counsel stated that she did not want a certain charge to be given, but "she did not object to the charge at the time that it was given[;] [f]or that reason, [Appellant's] claim that the trial court erred by failing to limit the charge is subject to review only for plain error"). Grullon therefore failed to preserve this claim for ordinary appellate review. However, the alleged error is still reviewed for plain error on appeal. See OCGA § 17-8-58 (b). See also *Cheddersingh*, 290 Ga. at 683 (2). "[U]nder OCGA § 17-8-58 (b), appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions." *Kelly*, 290 Ga. at 32 (1). In other words, when an

10

error in the jury instruction is enumerated and argued on appeal, the appellate court is required to conduct a plain error analysis. See id. at 32-33 (2) (a). See also *King v. State*, 300 Ga. 180, 182 (1) (794 SE2d 110) (2016) (holding that when the appellant raises trial court instructional error for the first time on appeal, the purported "failure to give these charges is reviewed for plain error").

For purposes of undertaking the plain error analysis, this Court established the following test for determining whether there is plain error in jury instructions under OCGA § 17-8-58 (b):

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Kelly*, 290 Ga. at 33 (2) (a) (citation and punctuation omitted;

11

emphasis in original).

In this case, the Court of Appeals did not consider any other elements of the plain error test delineated in *Kelly* because the court concluded that the first requirement was not met: Grullon had "waived any claim that the charge was improper" by "affirmatively stating that he had no objection to the charge" after it was given to the jury. *Grullon*, 357 Ga. App. at 700 (2). On certiorari review, Grullon contends and the State concedes that the Court of Appeals erred in making this ruling. We agree.

The parties do not dispute that the trial court's jury instruction on deliberate ignorance was clearly erroneous. And, although Grullon stated no objection to the charge after it was given — thereby forfeiting *ordinary* appellate review — this does not necessarily establish "affirmative waiver" of the error on appeal. See *Cheddersingh*, 290 Ga. at 684 (2). To constitute an affirmative waiver, the appellant's argument that the trial court "deviat[ed] from a legal rule must have been intentionally relinquished or abandoned" by the appellant. Id. (citation and punctuation omitted).

12

Under the plain error analysis articulated in *Kelly*, an objection is intentionally relinquished or abandoned if it is "affirmatively waived." Applying the standard articulated in *United States v. Olano*, 507 U. S. 725 (113 SCt 1770, 123 LE2d 508) (1993), we have contrasted such a waiver — the intentional relinquishment of a known right — with "forfeiture," which is the mere "failure to make the timely assertion of a right." An affirmative waiver may occur, for example, when a defendant requests a specific jury instruction but later withdraws such request[;] explicitly requests a jury instruction that he later argues on appeal should not have been given; or objects to a charge that he later argues on appeal should have been given[.] In such circumstances, the defendant has invited the alleged error, and it therefore provides no basis for reversal.

*Vasquez v. State*, 306 Ga. 216, 229 (2) (c) (830 SE2d 143) (2019) (citations and punctuation omitted).

Grullon objected to the deliberate ignorance charge at two points during trial before the trial court charged the jury. And, while he did not object again after the final instructions were given, that "does not show that [Grullon] intentionally relinquished" his known rights with regard to the deliberate ignorance instruction. *Cheddersingh*, 290 Ga. at 684 (2) (holding that "the failure to object is more appropriately described as a forfeiture of the right").

13

"Generally, counsel's silence at a juncture when a request for — or objection to — a jury instruction might have been made will be considered merely a forfeiture for which plain error review remains available." *Vasquez*, 306 Ga. at 229 (2) (c). While Grullon's counsel did not remain silent, there was also no specific waiver of any objections to the deliberate ignorance instruction in particular. See, e.g., *Collins v. State*, 308 Ga. 515, 519 (2) (842 SE2d 275) (2020) (reviewing claim for plain error, but not relying on affirmative waiver, where "[a]t the conclusion of the jury charge, the trial court asked, 'Are there any objections to the charge . . . on behalf of the defense?' Appellant's counsel replied, 'No, your honor.'"); *Guajardo v. State*, 290 Ga. 172, 175-176 (3) (718 SE2d 292) (2011) (reviewing claim for plain error, but not relying on affirmative waiver, where "after the trial court recharged the jury, the trial court specifically asked counsel if there were 'any exceptions to the Court's answer to the questions.' Appellants' trial counsel answered, 'No, Your Honor.'"); *Mike v. State*, 358 Ga. App. 113, 114 (1) (853 SE2d 887) (2021) (reviewing claim for plain error, but not relying on

14

affirmative waiver, where, "[f]ollowing the trial court's instructions to the jury, defense counsel stated she had no objections to the charge").

Moreover, we discern no tactical reason for Grullon's trial counsel not to object to the deliberate ignorance charge after it was given in the final instructions to the jury, particularly because he had previously objected to the instruction during trial and been informed by the trial court that the charge would be given. See *Vasquez*, 306 Ga. at 230 (2) (c) ("[T]he appellate court can conclude that the defendant's right — or objection — to a particular instruction was intentionally relinquished if the appellate court can discern a tactical reason on the part of the defense for failing to request (or object to, as the case may be) a specific jury instruction." (Citation and punctuation omitted)).

Additionally, while the Court of Appeals relied on *Lee* in concluding that Grullon waived any claim that the deliberate ignorance charge was improper in this case, *Lee* is distinguishable. See *Lee*, 347 Ga. App. at 512 (2) (b). In *Lee*, the Court of Appeals

15

concluded that the defendant "waived any claim that the trial court improperly referenced [a] stipulation in its jury charge" because the defendant had previously stipulated that he did not challenge the chain of custody with respect to certain evidence presented by the State and "affirmatively stated that he had no objection to a stipulation charge as to the chain of custody." Id. (punctuation omitted). Here, Grullon never affirmatively stated that he had no objection to the specific deliberate ignorance charge he now challenges, and indeed he raised an objection to that charge earlier at trial.

Because Grullon's claim of error was not affirmatively waived and survives the first step of plain error review, the Court of Appeals must now consider other parts of the plain error analysis, in particular whether the error that the State has conceded probably affected the outcome of the proceedings. See *Kelly*, 290 Ga. at 33 (2) (a) (holding that "the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court

proceedings" (Citation and punctuation omitted)). Accordingly, we reverse the portion of the judgment of the Court of Appeals concluding that there was affirmative waiver and remand the case for the court to consider other elements of plain error review. See id.

*Judgment reversed in part and case remanded. All the Justices concur.*

Decided December 14, 2021.

Certiorari to the Court of Appeals of Georgia – 357 Ga. App. 695.

*Taylor Lee & Associates, S. Eli Bennett*, for appellant.

*Patsy Austin-Gatson, District Attorney, Christopher M. DeNeve, Norris S. Lewis, Jr., Assistant District Attorneys*, for appellee.

*Michael W. Tarleton, Clifford L. Kurlander*, amici curiae.