**FIFTH DIVISION**
**MCFADDEN, P. J.**
**BROWN AND MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 13, 2024**

# In the Court of Appeals of Georgia

A23A1768. NEWTON v. THE STATE.

MCFADDEN, Presiding Judge.

Joseph Newton appeals from multiple criminal convictions arising from incidents of domestic violence between him and his girlfriend. He challenges the sufficiency of the evidence supporting his conviction for kidnapping; but the record shows that the state presented sufficient evidence from which the jury was authorized to find him guilty beyond a reasonable doubt. He also claims that his trial counsel was ineffective; but he has not shown that counsel's performance was deficient. Finally, Newton contends that the trial court gave an erroneous jury instruction; but he did not object to the instruction at trial and has failed to show on appeal that it amounted to plain error. So we affirm.

1. *Facts and procedural posture*

Construed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence showed that Newton and the victim were living together in December 2020 when they got into a physical altercation. The victim left their home and Newton followed her. Newton tore the victim's clothes off of her, dragged her along the ground naked, and punched her.

In October 2021, the victim was pregnant when Newton pulled her into his apartment and assaulted her for approximately three hours. Newton pulled the victim's hair; punched, bit, and strangled her; knocked her to the floor and stomped on her. As she sat beaten on the floor, he poured salt on her. After Newton fell asleep, the victim escaped by crawling out of a bathroom window. She called 911 and was taken to a hospital for treatment. Newton was later arrested when officers found him hiding in the apartment attic.

A grand jury indicted Newton on multiple counts, including kidnapping with bodily injury, attempted murder, and attempted feticide. He pled not guilty to the charges and was tried before a jury, which found him guilty on all counts except for one count of aggravated assault. The trial court imposed a total sentence of life plus

ten years. Newton moved for a new trial, which the trial court denied. This appeal followed.

2. *Kidnapping*

Newton contends that there is insufficient evidence to support his kidnapping conviction because the state failed to prove the asportation element of the crime. The contention is without merit.

"A person commits the offense of kidnapping when such person abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will." OCGA § 16-5-40 (a).

> With regard to asportation, OCGA § 16-5-40 (b) provides: Slight movement shall be sufficient; provided, however, that any such slight movement of another person which occurs while in the commission of any other offense shall not constitute the offense of kidnapping if such movement is merely incidental to such other offense. Movement shall not be considered merely incidental to another offense if it conceals or isolates the victim; makes the commission of the other offense substantially easier; lessens the risk of detection; or is for the purpose of avoiding apprehension.

*Taylor v. State*, 344 Ga. App. 122, 131 (1) (g) (809 SE2d 76) (2017) (punctuation omitted).

In the instant case, there was evidence showing that, during the October 2021 incident, Newton pulled the victim, who was standing outside, into his apartment, where he assaulted her for hours. "By moving the victim away from the doorway and into . . . the apartment, [Newton] concealed and isolated her[.]" *Taylor*, supra. Such movement "also reduced the likelihood that [Newton's assault of the victim] would be detected while [inside] the apartment." Id. Thus, the evidence was sufficient to meet the slight movement required for kidnapping.

We note that Newton has cited other evidence purportedly showing that he did not force the victim into the apartment and that she instead entered voluntarily, including testimony from the victim that conflicted with her statements to law enforcement officers. But "it was for the jury, rather than this [c]ourt, to resolve conflicts [in the evidence] and to assess witness credibility."*King v. State*, 268 Ga. App. 707, 709 (603 SE2d 54) (2004) (citation and punctuation omitted). Here, "[t]he jury was entitled to discredit [the victim's] trial testimony and rely on her [earlier statements] as substantive evidence of [Newton's] guilt." *Curgil v. State*, 363 Ga. App. 355, 358 (871 SE2d 322) (2022) (citations omitted). Accord *King*, supra (jury authorized to believe victim's accusations in prior statements instead of her in-court

disavowal). Because there was "evidence establish[ing] that the victim was moved and that such movement was not merely incidental, the evidence was sufficient to support [Newton's] conviction for kidnapping." *Taylor*, supra at 132 (1) (g).

3. *Ineffective assistance of counsel*

Newton claims that his trial counsel was ineffective in failing to request a jury charge on attempted voluntary manslaughter as a lesser included offense of attempted murder. "To prevail on this claim, [Newton] must show both that his counsel's performance was professionally deficient and that he suffered prejudice as a result. We need not review both parts of this test if [he] fails to prove one of them." *Outlaw v. State*, 311 Ga. 396, 406 (4) (858 SE2d 63) (2021) (citation omitted). Pretermitting the question of whether a person can attempt to commit voluntary manslaughter, Newton has failed to show that his counsel's performance was deficient because the evidence did not support such a jury charge.

Voluntary manslaughter is a lesser included offense of malice murder if a person "act[ed] with the intent to kill, but . . . also [took such] actions 'as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person.' OCGA § 16-5-2." *Carter v. State*, 298

Ga. 867, 870 (785 SE2d 274) (2016) (punctuation omitted). "[A] charge on voluntary manslaughter is warranted only where it can be shown that the accused was so influenced and excited that he reacted passionately rather than simply in an attempt to defend himself." *Beck v. State*, 310 Ga. 491, 496 (2) (852 SE2d 535) (2020) (citation and punctuation omitted).

> Although a trial court is required to charge the jury on voluntary manslaughter if there is any evidence, however slight to support such a charge, it is still a question of law for the courts to determine whether the defendant presented any evidence of sufficient provocation to excite the passions of a reasonable person. This is an objective standard, and we must evaluate the alleged provocation evidence with respect to its effect on a reasonable person, putting aside any peculiar response [a defendant] may have had. Further, evidence of a violent exchange or the exchange of angry statements does not amount to the serious provocation within the meaning of OCGA § 16-5-2 (a). Even a physical confrontation between two individuals does not necessarily provide the slight evidence necessary to require a voluntary manslaughter charge.

*Annunziata v. State*, 317 Ga. 175, 179 (891 SE2d 814) (2023) (citations and punctuation omitted).

Newton has pointed to no evidence showing that he reacted passionately when he assaulted the victim for several hours. Rather, he references only evidence showing that the couple had a turbulent relationship with prior altercations and that on the date in question the victim threw a key at him. Such evidence did not show "the serious

provocation necessary to support [an attempted] voluntary manslaughter instruction. [Prior altercations and a thrown key] would not provoke in a reasonable person a sudden, violent, and irresistible passion to [attempt to kill his pregnant girlfriend during a three-hour assault]." *Annunziata*, supra (citation, punctuation, and emphasis omitted).

Because there was no basis for a jury instruction on attempted voluntary manslaughter, Newton's "trial counsel did not perform deficiently in failing to request it." *Philpot v. State*, 311 Ga. App. 486, 489 (3) (716 SE2d 551) (2011). See *Goings v. State*, 265 Ga. App. 296, 299 (4) (593 SE2d 751) (2004) ("failure to request a meritless jury instruction cannot demonstrate ineffective assistance of counsel"). The trial court therefore did no err in denying the motion for new trial on this ground.

4. *Jury instruction on attempted feticide*

Newton argues that he is entitled to a new trial because the trial court gave an erroneous jury instruction on attempted feticide that included an unindicted method of committing the crime. We disagree.

Newton was charged with attempted feticide for "stomp[ing] on the back and abdomen of [the victim] while knowing [that she] was pregnant." With respect to this

count, the trial court instructed the jury, "A person commits criminal attempt to commit feticide when, with the intent to commit feticide, that person performs any act that constitutes a substantial step towards the commission of the crime of feticide." The court then tracked the language of OCGA § 16-5-80 (b) in giving the jury the following definition of the crime of feticide: "A person commits the offense of feticide if he willfully and without legal justification causes the death of an unborn child by any injury to the mother of such child. Which would — which would be murder if it resulted in the death of such mother, or if he, when in the commission of a felony, causes the death of an unborn child."

Newton contends that this instruction was erroneous because the jury could have been misled into finding him guilty of attempted "felony murder" feticide even though that method was not charged in the indictment. Newton did not object to the jury instruction at trial, so on appeal we review the instruction only for plain error. The following test applies for such plain error review:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome

of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Grullon v. State*, 313 Ga. 40, 45 (2) (867 SE2d 95) (2021) (citation, punctuation, and emphasis omitted).

Here, Newton cannot show that, in the context of the entire jury charge, there was a legal error affecting his substantial rights. Any alleged error in the jury instructions was cured by the trial court sending the indictment out with the jurors for deliberations and instructing them that the indictment stated the exact offenses charged, that the state had the burden of proving every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt, and that the jurors must decide if the offenses had been committed as alleged in the indictment.

> Where the indictment charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction. The defect is cured, however, where, as here, the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the [s]tate to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. Considered in its entirety, the charge in this

case fairly instructed jurors that they could convict [Newton] of [attempted feticide] only as charged in the indictment[.]

*Mikell v. State*, 286 Ga. 722, 724 (2) (b) (690 SE2d 858) (2010) (citations omitted).

Accordingly, Newton has failed to show plain error in the jury instructions mandating a new trial.

*Judgment affirmed. Brown and Markle, JJ., concur.*