### 56392. THE STATE v. COOPERMAN.
### 56393. THE STATE v. THORSEN.

BANKE, Judge.

The state appeals the dismissal of its accusations and the judgments of acquittal entered by the trial judge.

The defendants in these companion cases were charged with being in an intoxicated condition. The affidavits, made by two assistant solicitors based on the arresting officer's report, incorrectly stated that the intoxicated condition was manifested by indecent condition. The cases were announced for trial and both sides announced ready. However, before issue was joined, the assistant solicitor trying the cases asked the judge to dead docket the cases so that new accusations could be prepared. This motion was denied.[1] The solicitor then asked that the accusations be dead docketed because of a variance between the allegations and the proof. The judge granted this motion but instructed the solicitor that ". . . it would [sic] not be redrawn in a devious manner . . . and brought back up here."

The solicitor's office did not seek reinstatement of the

---

[1] At oral argument, pursuant to inquiry by the court, the assistant solicitor explained that it was a long-established practice in the solicitor's office to ask for a "dead docket" rather than a "nolle prosequi" in this sort of situation. He stated that a nolle prosequi more accurately reflected the result intended by their motion. The record shows that the trial judge denied this particular motion to dead docket because of his erroneous belief (see Division 5 below) that the state could not make out a new affidavit and reaccuse the defendant in another

dead-docketed cases. Instead, new affidavits correctly stating that intoxication was manifested by loud and boisterous language were prepared, and new accusations were issued. These new accusations came up before another state court judge; but upon motion by the defense to dismiss the second accusations, this judge ordered the cases transferred back to the first judge. The first judge granted the defendant's motions to dismiss based on the existence of pending cases on the dead docket. He then proceeded to reactivate the two original (dead-docketed) accusations and entered judgments of acquittal on them. Despite the fact that he had already dismissed the corrected accusations, the trial judge also entered judgments of acquittal on them for the expressed reasons that the state was not prepared to proceed to trial. *Held:*

1. The trial judge erred in ruling that the second accusations were subject to dismissal because of the previously pending cases. This has never been the law of this state; rather, the prohibition is that a defendant can be convicted on only one of the multiple pending accusations. The remaining accusations are dismissed following trial of one of the cases on the merits. See *Irwin v. State,* 117 Ga. 706 (45 SE 48) (1903); *Jones v. Murray,* 223 Ga. 519 (156 SE2d 360) (1967); *Lastinger v. State,* 84 Ga. App. 760 (67 SE2d 411) (1951). The trial judge erred, therefore, in granting the defendant's motions to dismiss and these judgments are now reversed.

2. Code Ann. § 27-1802 authorizes the court to enter a directed verdict of acquittal whenever ". . . there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' as to the entire offense. . ." In this case the trial judge entered judgments of acquittal on the two reactivated accusations even though no evidence had been introduced. The defendant had waived his right to a jury trial, and

accusation. Thus, even if the solicitor's office had used the proper (nolle-prosequi) procedure, the trial judge would still have withheld his consent because of his understanding of the law applicable to this factual situation.

therefore jeopardy would not attach until issue was joined and the first witness was sworn. See Code Ann. § 26-507 (a). There is no indication in the record that issue had been joined. Thus, it was error to enter these acquittals, and they are now reversed. See generally *Carlile v. State,* 132 Ga. App. 787 (209 SE2d 241) (1974) (a motion for directed verdict cannot be made before trial).

It appears that the trial judge, by entering these "judgments of acquittal," was in effect dismissing the two accusations with prejudice. The Civil Practice Act (Code Ann. § 81A-141 (b)) provides for dismissals with prejudice of *civil* cases, but the court knows of no statutory or case authority which permits such dismissals in *criminal* cases. See also Code Ann. § 27-601 which allows the state six months (assuming expiration of the statute of limitations) in which to reaccuse the defendant.

3. Notwithstanding his previous dismissal of the second accusations (see Division 1), the trial judge entered judgments of acquittal on these cases. He grounded the acquittals on the state's failure to prosecute. Again, no evidence had been heard nor had issue been joined, and it was error to enter these judgments for the reasons stated in Division 2. Furthermore, once the judge had dismissed these cases, nothing remained before the court on which a final judgment could be entered. Accordingly, these judgments of acquittal are also reversed.

4. A trial judge has no authority to terminate the state's right to prosecute by erroneously attaching the label of "acquittal" to his ruling. Accordingly, the state was not barred from appealing these void "acquittals." See *Potts v. State,* 236 Ga. 230 (223 SE2d 120) (1976). See also *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627) (1978) (cert. den.). As the Supreme Court explained in *Potts,* p. 231: "Issue has not been joined in the criminal cases. . . and the defendant has not been placed in jeopardy on those charges. Therefore, the holding in *Manchester, B'Gos* and similar cases is not controlling here and if the trial court's order is void, it can be appealed by the state under the authority of *Darden v. Ravan,* 232 Ga. 756, 758 (208 SE2d 846) (1974)." This court's ruling in *State v. Warren,* 133 Ga. App. 793 (213 SE2d 53) (1975), where we

held that the state could not appeal an acquittal entered after jeopardy had attached, is not in conflict with this decision since jeopardy had not attached before any of the four acquittals were entered.

5. The court wishes to address a major issue which was argued on this appeal. The record shows that the trial judge repeatedly expressed his belief that the law does not permit the state to make out new affidavits upon which it then frames new accusations upon discovery of an unamendable defect in the original affidavits and accusations. While the court shares this trial judge's concern over the state's occasionally inaccurate preparation of affidavits and accusations, our research establishes that he is in error in believing the state cannot correct its mistakes in such a situation. As Justice Lumpkin wrote in *Mitchell v. State,* 126 Ga. 84 (1) (54 SE 931) (1906): "Where, before a jury had been impaneled or a plea to the merits had been entered or the defendant had been put in jeopardy, a demurrer to an accusation in the criminal court of Atlanta was filed, on various grounds, there was no error in permitting a nolle prosequi to be entered upon the accusation on motion of the solicitor, and a new affidavit to be made, and a new accusation to be framed upon it." Thus, the law supports the solicitor's belief that under the particular facts of this case the state was not prohibited from reaccusing these defendants.

*Judgments reversed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 16, 1978.

*Hinson McAuliffe, Solicitor, George M. Weaver, Assistant Solicitor,* for appellant.

*Dupree & Staples, Hylton B. Dupree, Jr., Barry Staples,* for appellees.