77261. THE STATE v. OWENS.
(375 SE2d 656)

CARLEY, Judge.

Appellee was charged by way of accusation with the offenses of driving under the influence of alcohol and driving too fast for conditions. When the case was first called for trial, the arresting officer was unavailable and the trial court granted the State's motion for a con-

tinuance. At the second call of the case for trial, the trial court, over the objection of appellee, once again granted the State a continuance due to the unavailability of the arresting officer. When the case was called for trial a third time, both the State and appellee announced "ready." At the request of the State, however, another case on the same docket was given priority and the case against appellee was, over his objection, once again continued. Subsequent to this third continuance, appellee filed a plea in bar seeking an acquittal as to both charges. The trial court conducted a hearing and issued a lengthy order in which it dismissed the accusation against appellee. The State appeals from the trial court's order dismissing the accusation. OCGA § 5-7-1 (1).

In dismissing the accusation against appellee, the trial court explicitly relied upon speculation as to what might have occurred had it not granted the third continuance and as to what might happen in the future were the case to be called for trial a fourth time. The trial court found that, simply because the arresting officer had not then been physically present, the State's announcement of "ready" at the third call of the case had been misleading and it further found that a fourth call of the case might "well result in another absence" by the officer. The trial court concluded that, had it not granted the third continuance after the State's purportedly misleading announcement of "ready," it could have dismissed the case for failure of the State to proceed and it further concluded that, should the officer fail to appear at a fourth call the result would be "more inconvenience for the court and [appellee]."

Regardless of the trial court's authority to have previously dismissed the case or its authority to do so in the future, the fact remains that the trial court did grant a third continuance and that the case has not yet been called for the fourth time. Once the trial court has continued a case to the next term rather than to require that the State proceed to the trial of the case in accordance with its announcement of "ready," we know of no authority for the trial court to rescind its ruling retroactively and to dismiss the accusation based upon what might have happened had it not ordered the case continued. Likewise, we know of no authority for the trial court to dismiss an accusation for want of prosecution prior to the time that the case is actually called for trial. It follows that the trial court, having ordered the present case continued until the next term, had no authority to dismiss the accusation for want of previous or future prosecution. After the trial court granted a continuance, any test of the viability of the State's former announcement of "ready" would necessarily involve an exercise in speculative hindsight and any question of the State's ability to present its case at some future time would necessarily involve an exercise in speculative foresight. By dismissing the ac-

cusation after it had granted a continuance and before the case had been recalled, the trial court erroneously denied the State the opportunity to have its case against appellee determined on the merits. "Under such circumstances, we conclude that the trial court exceeded its authority . . . in dismissing the accusation [against appellee]." *State v. Colquitt*, 147 Ga. App. 627, 629 (249 SE2d 680) (1978).

*Judgment reversed. Deen, P. J., and Sognier, J., concur specially.*

SOGNIER, Judge, concurring specially.

I agree with the majority that the judgment below should be reversed, but for a different reason. The record reflects that the trial court's order of dismissal was, in fact, predicated on its prior, January 26, 1987, order announced in open court. The parties and the trial court all agree that order, announced after the State had failed to announce "ready" for trial for the second time, provided that should the State fail to proceed to trial the next time the case was called, the charges would be dismissed. However, the terms of the order actually prepared by appellee and signed by the trial court, also provided that in such eventuality, "[d]efendant shall be found not guilty of the charges pending against him."

I agree with the State's contention that such an order was unauthorized because "[i]t appears that the trial judge, by entering [the January order stating that should the case not proceed to trial appellee would be adjudicated 'not guilty'], was in effect dismissing the [accusation] with prejudice. The Civil Practice Act ([OCGA § 9-11-41 (b)]) provides for dismissals with prejudice of *civil* cases, but the court knows of no statutory or case authority which permits such dismissals in *criminal* cases." *State v. Cooperman*, 147 Ga. App. 556, 558 (2) (249 SE2d 358) (1978). "A trial judge has no authority to terminate the state's right to prosecute by erroneously attaching the label of 'acquittal' to his ruling [regarding dismissal]." Id. at 558 (4).

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED NOVEMBER 16, 1988.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellant.
*Stanley H. Friedman*, for appellee.