## A02A0329. ABARCA v. THE STATE.
### (567 SE2d 368)

BARNES, Judge.

Rosendo Abarca appeals the trial court's order denying his motion to dismiss his hit and run prosecution on the ground of double jeopardy. For the reasons that follow, we affirm.

On the second day of Abarca's earlier trial, scheduled to begin at 9:00 a.m., the following exchange took place between defense counsel and the previous trial judge at 9:15 a.m.:

> THE COURT: Are there any prosecutors in the hall?
> THE DEPUTY: No, your Honor.
> THE COURT: Are there any prosecutors present? I'll entertain a motion from the defense.
> [DEFENSE COUNSEL]: We'd like to request that the court grant a directed verdict of not guilty for the defendant.
> THE COURT: I will dismiss for want of prosecution.
> [DEFENSE COUNSEL]: That, too.
> THE COURT: All right. . . . I will grant the motion.
> [DEFENSE COUNSEL]: Thank you, judge.

The trial court then entered a written order summarizing the events in the courtroom, and dismissing the case for want of prosecution, noting that it had granted the defendant's motion to dismiss the case for want of prosecution. It later denied the State's motion for reconsideration, noting that the defendant "elected to seek termination of the case against him on a basis unrelated to guilt or innocence," so double jeopardy considerations did not bar a retrial. The court also recused itself from further proceedings.

The defendant subsequently moved the new trial judge to dismiss the prosecution against him on the ground of double jeopardy because, after evidence was presented to an impaneled jury, the previous judge dismissed the matter for failure to prosecute. After the State opposed the motion, the trial court denied it, holding that retrial was not barred because the defendant requested or acquiesced to the dismissal.

The defendant had been placed in jeopardy before the earlier trial was terminated, as the previous jury had been impaneled and sworn. See *Ferguson v. State*, 219 Ga. 33, 35 (3) (131 SE2d 538) (1963). Our constitution prohibits a person from being tried more than once for the same offense, except when a new trial has been granted after conviction or in case of mistrial. Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII.

> The circumstances under which a defendant who successfully moves for mistrial may invoke the bar of double jeop-

ardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. Prosecutorial misconduct amounting to harassment or overreaching, even if sufficient to justify a grant of mistrial, is nevertheless insufficient to bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.

(Citations, punctuation and emphasis omitted.) *State v. Oliver*, 188 Ga. App. 47, 48 (1) (372 SE2d 256) (1988).

In this case, the evidence does not establish that the prosecutor intended to provoke the defendant into moving for a mistrial and thus subvert the protections afforded by the Double Jeopardy Clause. The defendant himself moved to dismiss the case for want of prosecution, which is equivalent to moving for a mistrial. See *State v. Cooperman*, 147 Ga. App. 556, 557-558 (249 SE2d 358) (1978). Because "a second prosecution is not barred if the defendant consents or waives his right to object to the mistrial which ended the first trial," the trial court did not err in denying the defendant's motion to dismiss. *State v. Abdi*, 162 Ga. App. 20, 21 (288 SE2d 772) (1982).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 20, 2002.

*George Handelsman, Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.