312 Ga. 640
FINAL COPY

S20G1471.  WALKER v. THE STATE.

BOGGS, Presiding Justice.

We granted certiorari in this case to decide whether a trial court's order dismissing a criminal case for want of prosecution, which does not say that it is with prejudice to refiling, nevertheless constitutes an impermissible dismissal with prejudice if the applicable statute of limitation has run. We conclude that such a dismissal order is without prejudice to refiling, and that, to the extent the statute of limitation bars the State from reaccusing the defendant, that consequence flows from the operation of the statute of limitation and not from the dismissal order. Accordingly, we reverse the Court of Appeals' judgment.

1.     The record shows that on December 30, 2016, a Georgia State Patrol trooper arrested Sara Walker and issued citations for driving under the influence of alcohol to the extent that it was less safe for her to drive, see OCGA § 40-6-391 (a) (1), and following too

closely, see OCGA § 40-6-49. On August 22, 2017, Walker filed a demand for a jury trial, and the case was transferred from Holly Springs Municipal Court to Cherokee County State Court (the "trial court"). On September 22, the State filed an accusation incorporating the charges in the citations and adding charges of driving with an alcohol concentration of 0.08 grams or more, see OCGA § 40-6-391 (a) (5), and reckless driving, see OCGA § 40-6-390. On March 13, 2018, the State filed a motion to place the case on the dead docket pending this Court's decision in *Elliott v. State*, 305 Ga. 179 (824 SE2d 265) (2019), which the trial court granted. The decision in *Elliott* was issued on February 18, 2019, more than two years after the crimes alleged in the accusation.[1]

On April 16, 2019, Walker waived her right to a jury trial, and the trial court set the case for a bench trial on May 28. On May 28, the court called Walker's case for trial. Walker announced ready, but

---

[1] The charges against Walker were all misdemeanor charges, which have a two-year statute of limitation. See OCGA § 17-3-1 (e) ("Prosecution for misdemeanors shall be commenced within two years after the commission of the crime.").

the State announced that it was not ready to proceed because the trooper who arrested Walker was not present and would not be appearing. At the court's request, the State attempted to contact the trooper, who had been properly subpoenaed, to ascertain exactly where he was and why he would not be appearing. The court gave the State a considerable amount of time to reconnect with the trooper, but the only response that the State received and conveyed to the court was that he was "on leave and out of town/Georgia." No explanation of the reason for the leave was given. Moreover, nothing in the record indicates that the State asked for a continuance or requested the entry of an order of nolle prosequi in order to extend the statute of limitation for an additional six months. See OCGA § 17-3-3.

Walker moved to dismiss the charges for want of prosecution, and the trial court granted the motion. Three days later, the court entered a written order, nunc pro tunc to the trial date, reciting the facts and memorializing its ruling. The order stated in part:

> Having considered the Defendant's motion, the Court hereby GRANTS the Defendant's motion to dismiss for want of prosecution and dismisses the charges pending against the Defendant in this case.

The order did not specify whether the dismissal was with or without prejudice to refiling. The State filed a timely notice of appeal directed to the Court of Appeals. See OCGA § 5-7-1 (a) (1) (authorizing appeal by State "[f]rom an order, decision, or judgment setting aside or dismissing any indictment . . . [or] accusation").

In a whole court decision, the Court of Appeals vacated the dismissal order. See *State v. Walker*, 356 Ga. App. 170 (846 SE2d 438) (2020). The eight-judge majority opinion relied on the Court of Appeals' recent panel decision in *State v. Banks*, 348 Ga. App. 876, 880-881 (825 SE2d 399) (2019), which held that an order dismissing a criminal case for want of prosecution outside the statute of limitation is an impermissible dismissal with prejudice because the State is barred from reaccusing the defendant. See *Walker*, 356 Ga. App. at 171-172. Judge Gobeil wrote a concurrence, which was joined by four other judges. See id. at 172-174 (Gobeil, J., concurring

4

fully and specially). Then-Chief Judge McFadden wrote a dissent, which was joined by two other judges. See id. at 174-177 (McFadden, C. J., dissenting). The dissent ended with a statement that four additional judges "concur in judgment only as to this dissent." Id. at 177.[2]

We granted Walker's petition for certiorari, and the case was orally argued on June 9, 2021. At oral argument, an issue was raised regarding the source of a trial court's authority to dismiss a criminal case for want of prosecution, regardless of whether the dismissal is with or without prejudice to refiling. We requested supplemental briefs from Walker and the State addressing this issue. We also invited the Attorney General, the Prosecuting Attorneys' Council of Georgia, and the Georgia Association of Criminal Defense Lawyers to file amicus briefs expressing their views.[3]

---

[2] We note that a dissent is not a "judgment," so in essence, the four additional judges dissented without opinion.

[3] We appreciate the contributions of amici to our consideration of this case.

2. It appears that Georgia trial courts have long exercised the authority to dismiss criminal cases for want of prosecution without prejudice. See *Grantham v. State*, 84 Ga. 559, 560 (11 SE 140) (1889) (noting, in a case affirming the defendant's conviction for stabbing, that a prior case against the defendant had been "dismissed for want of prosecution"). See also *Herring v. State*, 119 Ga. 709, 719 (46 SE 876) (1904) (noting, in appeal from conviction for subornation of perjury, that the sodomy case initiated based on the perjured statement was "dismissed by the magistrate for want of prosecution" when "no one appeared at the time appointed for the hearing of the charge"); *Blevins v. State*, 113 Ga. App. 413, 416 (148 SE2d 192) (1966) ("If the defendant believes the State has delayed beyond a reasonable time in bringing him to trial, he can make a motion . . . that the indictment be dismissed for want of prosecution . . . .").

The General Assembly first granted the State a limited right of appeal in criminal cases in 1973. See Ga. L. 1973, p. 297, § 1 (codified as amended at OCGA § 5-7-1). Cf. *State v. Jones*, 7 Ga. 422,

422-423 (1849) (holding that State had no right of appeal in criminal case); *State v. Moore*, 128 Ga. App. 68, 68 (195 SE2d 752) (1973) (same). Soon after, the Court of Appeals had the opportunity to directly address dismissal of criminal cases for want of prosecution.

In *State v. Cooperman*, 147 Ga. App. 556 (249 SE2d 358) (1978), the defendants were accused of public intoxication, and the trial court entered "judgments of acquittal" on the accusations for the express reason that the State was not prepared to proceed when the court called the cases for a bench trial. Id. at 557. The Court of Appeals reversed, reasoning that "the trial judge, by entering these 'judgments of acquittal,' was in effect dismissing the two accusations with prejudice," and noting that no statutory or case authority permitted dismissal of criminal cases with prejudice for want of prosecution. Id. at 558. See also *State v. Luttrell*, 207 Ga. App. 116, 116 (427 SE2d 95) (1993) (citing *Cooperman* and reversing in criminal trespass case where trial court "entered an order dismissing the charge *with prejudice* for want of prosecution" (emphasis added)).

7

In *State v. Grimes*, 194 Ga. App. 736 (392 SE2d 727) (1990), the defendant was charged with criminal trespass. When the case was called for trial, the State moved for a continuance, which the trial court granted. See id. at 736. On the continued trial date, the State was not ready, so the court dismissed the case. See id. The Court of Appeals affirmed, reasoning that trial courts are authorized to dismiss accusations and indictments, and that unlike the "judgments of acquittal" in *Cooperman*, the order dismissing the accusation against Grimes "did not amount to a dismissal with prejudice." *Grimes*, 194 Ga. App. at 736. The Court of Appeals added, "[t]herefore, the State may file another accusation against appellee prior to the expiration of the period of limitation and prosecute him on that accusation." Id. at 736-737.

In *State v. Roca*, 203 Ga. App. 267 (416 SE2d 836) (1992), the defendant was charged with simple battery. When the case was called for trial, the State was unable to go forward because a witness failed to appear, and the trial court "entered an order dismissing the case for want of prosecution." Id. at 267. The State reaccused the

8

defendant twice, and the trial court granted the defendant's plea in bar to the third accusation based on double jeopardy. See id. at 268. The Court of Appeals reversed, holding that a dismissal for want of prosecution is a dismissal without prejudice. See id. ("The trial court was authorized to dismiss the accusation for want of prosecution, but *such dismissal does not amount to a dismissal with prejudice, or an acquittal*." (emphasis added)).

Thus, it has been the law of Georgia for decades (and appears to have been the practice in Georgia courts for much longer) that trial courts have the authority to dismiss criminal cases without prejudice for want of prosecution. See Ga. Const. of 1983, Art. VI, Sec. V, Par. III ("The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents."). This Court has previously recognized as much. See *State v. Remy*, 308 Ga. 296, 301 (840 SE2d 385) (2020) (stating that trial courts "may dismiss criminal charges without prejudice for want of prosecution" (citing *State v. Bachan*, 321 Ga. App. 712 (742 SE2d 526) (2013))); *In the*

9

*Interest of M. D. H.*, 300 Ga. 46, 52 (793 SE2d 49) (2016) (citing Court of Appeals decision "holding in the criminal context that before jeopardy attaches, the remedy for failure to prosecute a case is dismissal without prejudice"). Moreover, the State and its amici point to no statute that purports to eliminate or limit this longstanding practice, and we see no compelling reason to disturb the well-established law in this area.[4] Accordingly, we turn to the specific issue that we granted the State's petition for certiorari to address.

3.    There is no reason to think that the trial court's order dismissing the charges against Walker for want of prosecution was a dismissal with prejudice. The order did not say that the dismissal was with prejudice, and it has been the law of Georgia for more than 40 years that dismissals with prejudice for want of prosecution are

---

[4] We note that the alternative of the trial court ordering the State to call its first witness, the State not being prepared to present evidence, and the trial court entering a directed verdict of acquittal always precludes further prosecution, whereas entering a dismissal *without* prejudice for want of prosecution may allow the State to reinitiate the prosecution so long as the State does so within the applicable statute of limitation and complies with other applicable laws.

not allowed in criminal cases. See *Cooperman*, 147 Ga. App. at 558. Moreover, since the early 1990s, the Court of Appeals has construed orders dismissing criminal charges for want of prosecution that do not mention prejudice to be dismissals without prejudice. See *Grimes*, 194 Ga. App. at 736; *Roca*, 203 Ga. App. at 268. Cf. *Luttrell*, 207 Ga. App. at 116 (reversing where order dismissing charge for want of prosecution recited that it was "with prejudice"); *Cooperman*, 147 Ga. App. at 558 (reversing where trial court entered "judgments of acquittal" for want of prosecution, which Court of Appeals correctly recognized was trial court "in effect dismissing the two accusations with prejudice").

*Banks*, however, added a new complication to the law in this area. In the consolidated appeals considered in *Banks*, the trial court entered uniform orders dismissing 26 misdemeanor accusations "for want of prosecution" due to the State's failure to provide the defendants with a list of the witnesses against them as required by the Criminal Procedure Discovery Act. *Banks*, 348 Ga. App. at 876. After noting that the dismissal orders "did not specify whether the

11

dismissals were with or without prejudice," the Court of Appeals

held that

> in order to determine whether the dismissals in the cases
> at hand amounted to impermissible dismissals with
> prejudice, the relevant question is whether, at the time of
> the dismissal, the State could have re-accused the
> defendants prior to the expiration of the period of
> limitation.

Id. at 880 (citing *Grimes*, 194 Ga. App. at 736-737).[5]

According to *Banks*, in determining whether an order

dismissing a criminal case for want of prosecution is a dismissal

with prejudice, which is not permitted, an appellate court should not

be guided by the text of the dismissal order as informed by the

background rule against dismissals with prejudice for want of

prosecution. See id. *Banks* instead proposed that the appellate court

should look to see if some other source of authority might prohibit

---

[5] *Banks* misread *Grimes*. As explained above in Division 2, in *Grimes*, the Court of Appeals first determined that the order dismissing the accusation for want of prosecution did not amount to a dismissal with prejudice. See *Grimes*, 194 Ga. App. at 736. The Court of Appeals then said: "*Therefore*, the State may file another accusation against appellee prior to the expiration of the period of limitation and prosecute him on that accusation." Id. at 736-737 (emphasis added). In other words, *Grimes* said that because the trial court's order was not a dismissal with prejudice, the State could reaccuse Grimes — not the other way around. Thus, *Banks* had *Grimes* backward.

12

further prosecution of the defendant, such as the applicable statute of limitation. See id.

We see no sound legal reason for adopting that approach. Nothing in *Cooperman, Grimes, Roca,* or *Luttrell* requires an appellate court to look beyond the trial court's written ruling to determine whether it is a permissible dismissal without prejudice or instead a dismissal with prejudice, which is not permitted. Moreover, it is not clear how the trial court would ascertain whether some other source of authority would prevent the State from reinitiating the prosecution. For example, it is not clear how a trial court would ascertain if the statute of limitation had been tolled, see, e.g., OCGA § 17-3-2 (excluding certain periods in determining whether statute of limitation has run), or if two indictments charging the same offense or offenses had been quashed, see OCGA § 17-7-53.1. In addition, if a trial court has the authority to dismiss a criminal case without prejudice for want of prosecution, it is unclear why the running of a statute of limitation would suddenly strip the court of that power. In such situations, it is the statute of

limitation that prevents the State from recommencing a prosecution against the defendant; the dismissal order itself stands as no barrier. As the dissent in the Court of Appeals here aptly stated, "The state is barred from bringing the case [against Walker] again, not by operation of the trial court's order, but by operation of the statute of limitation." *Walker*, 356 Ga. App. at 174 (McFadden, C. J., dissenting). We therefore disapprove of the Court of Appeals' decision in *Banks*.[6]

It follows that the Court of Appeals erred in holding that the trial court's order dismissing the charges against Walker for want of prosecution was an impermissible dismissal with prejudice. Accordingly, we reverse the Court of Appeals' judgment.

*Judgment reversed. All the Justices concur, except Colvin, J., disqualified.*

---

[6] As noted above, in *Banks*, the trial court entered orders dismissing numerous misdemeanor accusations "for want of prosecution" based on the State's failure to comply with the requirements of the Criminal Procedure Discovery Act. *Banks*, 348 Ga. App. at 876. We express no opinion on whether trial courts may dismiss criminal charges for want of prosecution based on discovery violations.

14

NAHMIAS, Chief Justice, concurring.

As demonstrated by the supplemental briefing that this Court received from the parties and amici curiae after oral arguments, the source of authority for Georgia trial courts to dismiss criminal cases without prejudice for "want of prosecution" is at best murky and debatable. Nevertheless, as the Court's opinion explains, there are

15

hints in some old reported decisions that this is an ancient practice in Georgia courts,[7] and the practice has been expressly authorized by the Court of Appeals for more than 30 years now. See *State v. Grimes*, 194 Ga. App. 736, 736 (392 SE2d 727) (1990).

The practice does not appear to have caused major workability problems or obvious injustices, and a trial court's decision to dismiss a case for want of prosecution is regulated by appellate review for abuse of discretion. See *State v. Brooks*, 301 Ga. App. 355, 359-360 (687 SE2d 631) (2009). The General Assembly has not stepped in to constrain or prohibit the practice (as the legislature would be free to do, because the practice is rather clearly not required by the federal or Georgia Constitution). The practice has long been authorized in federal courts, first by decision, see, e.g., *Ex parte Altman*, 34 FSupp. 106, 108 (S.D. Cal. 1940), and later by rule, see Fed. R. Crim. P. 48 (b). And the courts of our sister states are divided as to the validity

---

[7] There are likely no reported *holdings* about this issue before the 1970s because the State could not appeal from such trial court dismissals until 1973, and defendants who requested or benefitted from such dismissals could not complain about those favorable decisions on appeal.

16

of the practice. Compare, e.g., *State v. Bowring*, 490 A2d 667, 668-669 (Me. 1985) (allowing dismissal of a criminal case under Maine law "when the party bringing the action fails to prosecute it diligently"), with, e.g., *State v. Johnson*, 821 SW2d 609, 613 (Tex. Ct. Crim. App. 1991) (en banc) (holding that Texas law does not authorize dismissal of a criminal case for want of prosecution without the prosecutor's consent).

For these reasons, although I might have reached a different conclusion if this issue were coming here as a novel question, I agree with the Court that at this point in Georgia jurisprudence, we should leave the practice undisturbed and decide this case under its rubric. With this explanation, I join the Court's opinion in full.

17

Decided October 19, 2021.

Certiorari to the Court of Appeals of Georgia — 356 Ga. App. 170.

*D. Benjamin Sessions*, for appellant.

*C. Todd Hayes, Solicitor-General, Sara M. Grainger, David M. McElyea, Michelle L. Dissman, Assistant Solicitors-General*, for appellee.

*Peter J. Skandalakis, Robert W. Smith, Jr., Christopher M. Carr, Attorney General, Miles K. Skedsvold, Assistant Attorney General, Andrew A. Pinson, Solicitor-General, Ross W. Bergethon, Assistant Solicitor-General, Kimberly A. Dymecki, Gregory A. Willis, Hunter J. Rodgers, Andrew S. Fleischman*, amici curiae.