**FIRST DIVISION**
**Doyle, P. J., McFadden, P. J.,**
**HODGES, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 27, 2023**

# In the Court of Appeals of Georgia

A22A1623. THE STATE v. WALKER.

HODGES, Judge.

After the trial court dismissed an initial accusation against Sara Walker for want of prosecution,[1] the State filed a second, identical accusation, again charging her with driving under the influence of alcohol-per se, driving under the influence of

---

[1] These parties first came before us in *State v. Walker*, 356 Ga. App. 170 (846 SE2d 438) (2020) ("*Walker I*"). The Supreme Court of Georgia reversed in *Walker v. State*, 312 Ga. 640 (864 SE2d 398) (2021) ("*Walker II*"). It examined "whether a trial court's order dismissing a criminal case for want of prosecution, which does not say that it is with prejudice to refiling, nevertheless constitutes an impermissible dismissal with prejudice if the applicable statute of limitation has run." Id. at 640. The *Walker II* Court determined that "such a dismissal order is without prejudice to refiling, and that, to the extent that the statute of limitation bars the State from reaccusing the defendant, that consequence flows from the operation of the statute of limitation and not from the dismissal order." Id.

alcohol-less safe, and other traffic-related offenses.[2] Walker filed a plea in bar and

_____

[2] The Supreme Court recounted the events preceding the second accusation in its opinion:

The record shows that on December 30, 2016, a Georgia State Patrol trooper arrested Sara Walker and issued citations for driving under the influence of alcohol to the extent that it was less safe for her to drive . . . and following too closely[.] . . . On September 22, [2016], the State filed an accusation incorporating the charges in the citations and adding charges of driving with an alcohol concentration of 0.08 grams or more . . . and reckless driving[.] . . . On March 13, 2018, the State filed a motion to place the case on the dead docket pending th[e Supreme] Court's decision in *Elliott v. State*, 305 Ga. 179 (824 SE2d 265) (2019), which the trial court granted. The decision in *Elliott* was issued on February 18, 2019, more than two years after the crimes alleged in the [first] accusation. . . . On May 28, [2019,] the court called Walker's case for trial. Walker announced ready, but the State announced that it was not ready to proceed because the trooper who arrested Walker was not present and would not be appearing. At the court's request, the State attempted to contact the trooper, who had been properly subpoenaed, to ascertain exactly where he was and why he would not be appearing. The court gave the State a considerable amount of time to reconnect with the trooper, but the only response that the State received and conveyed to the court was that he was "on leave and out of town/Georgia." No explanation of the reason for the leave was given.

(Footnote omitted.) *Walker II*, 312 Ga. at 640-641 (1).

motion to dismiss, arguing that the second accusation was filed outside the statute of limitation. The trial court granted that motion. The State appealed, contending that the savings provision of OCGA § 17-3-3 gave it an additional six months, from the date of the dismissal for want of prosecution, to file the second accusation. We disagree and affirm.

OCGA § 17-3-1 (e) provides that "[p]rosecution for misdemeanors shall be commenced within two years after the commission of the crime." The misdemeanor crimes at issue, as charged in both accusations, allegedly were committed on December 30, 2016. The State's second accusation was dated November 14, 2019, nearly three years after the commission of the crimes. OCGA § 17-3-3 provides, in pertinent part, that "[i]f an indictment is found within the time provided for in Code Section 17-3-1 . . . , and *is quashed or nolle prosequi entered*, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered." (Emphasis supplied.)[3]

---

[3] This provision applies to accusations as well as to indictments. See *Alexander v. State*, 192 Ga. App. 211 (384 SE2d 436) (1989); *Jackson v. State*, 140 Ga. App. 288, 289 (1) (231 SE2d 805) (1976).

In the instant case, Walker's first accusation was neither quashed nor nolle prossed. It was dismissed for want of prosecution. The State points out, correctly, that it filed the second accusation within six months of this dismissal. Despite the plain language of OCGA § 17-3-3, the State argues that statute's savings provision should apply to the dismissal at issue here because there is no appreciable difference between this dismissal and the grant of a motion to quash or of an order of nolle prosequi, as referenced by the statute.

Walker did not move to quash the indictment. The trial court specifically noted in its order that it did not style its dismissal as a motion to quash, and that the basis for its dismissal for want of prosecution was different from that underlying an order to quash. See *Harbuck v. State*, 280 Ga. 775, 777-778 (2) (631 SE2d 351) (2006) ("A motion to quash is not a proper method for attacking an indictment or accusation for any defect not appearing on its face.") (citation and punctuation omitted); see generally *Wagner v. State*, 282 Ga. 149, 150 (1) (646 SE2d 676) (2007) ("Where a special demurrer points out a *material* defect, the trial court must quash the defective count of the indictment.") (Emphasis in original.). As our Supreme Court noted in its review of the appellate decision related to Walker's first accusation, "nothing in the record indicates that the State asked for a continuance or requested the entry of an

4

order of nolle prosequi in order to extend the statute of limitation for an additional six months. See OCGA § 17-3-3." *Walker v. State*, 312 Ga. 640, 640-641 (1) (864 SE2d 398) (2021) ("*Walker II*").

OCGA § 17-3-3's language refers not to a dismissal for want of prosecution, but only to a quash or an entry of nolle prosequi as events that trigger its six-month savings provision.

> When presented with a question of statutory interpretation, we begin by examining the statute's plain language, reading the text in its most natural and reasonable way, as an ordinary speaker of the English language would. Thus, when considering the meaning of a statute, we must afford the statutory text its plain and ordinary meaning, viewed in the context in which it appears. If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

(Citation and punctuation omitted.) *Green v. State*, 311 Ga. 238, 242 (1) (857 SE2d 199) (2021). The language of OCGA § 17-3-3 is clear and unambiguous. Furthermore, as our Supreme Court noted in a case that analyzed a different issue of statutory interpretation related to that same statute,

the statute now codified as OCGA § 17-3-3 was enacted in 1968, see Ga. L. 1968, p. 1249, § 1, at pp. 1266-1267,[4] five years before the General Assembly first gave the State "a limited right to appeal certain orders in criminal cases," including "*an order dismissing any indictment or information, or any count thereof*," Ga. L. 1973, p. 297.

(Citation and punctuation omitted; emphasis supplied.) *State v. Outen*, 296 Ga. 40, 43 (2) (764 SE2d 848) (2014).[5] Once the State gained the ability to appeal certain dismissals, if the General Assembly had wished to add these dismissal orders to the

---

[4] For a discussion of additional predecessor statutes, see generally *Danuel v. State*, 262 Ga. 349, 351-352 (2) (418 SE2d 45) (1992); *Kyles v. State*, 254 Ga. 49, 50-51 (326 SE2d 216) (1985).

[5] *Outen* does not demand a contrary result, as it did not address the specific issue before this Court. *Outen* involved the grant of a special demurrer and the resulting dismissal of a count of the indictment that failed to specify the particular facts constituting the offense – a defect on the face of the indictment. See *Harbuck*, 280 Ga. at 777-778 (2) (holding that the proper basis for a motion to quash is a defect on the face of the indictment); see generally *Jova Daniels Busby, Inc. v. Greenforest Community Baptist Church*, 240 Ga. App. 419, 420 (1) (523 SE2d 629) (1999) ("Georgia courts must construe pleadings, motions and orders according to their substance and function and not merely as to their titles."). The Supreme Court in *Outen*, however, did not examine the issue of whether this *dismissal* could trigger the savings provision of OCGA § 17-3-3. Rather, the Supreme Court considered only whether OCGA § 17-3-3's six-month extension could run from the date the remittitur from a failed appeal was filed in the trial court, and determined that it could not. *Outen*, 296 Ga. at 42 (2).

short list of events triggering OCGA § 17-3-3's savings provision, it could have done so. To date, it has not.

As our Supreme Court has said, "[i]n a criminal statute of limitation only an exception or condition contained within the statute will toll its operation[.]" *Outen*, 296 Ga. at 43 (2), citing OCGA § 17-3-2. A dismissal for want of prosecution is not an exception or condition that our legislature has made part of OCGA § 17-3-3, which addresses only indictments that are quashed or nolle prossed. A motion to quash is used to attack an indictment or accusation for a defect appearing on its face. *Harbuck*, 280 Ga. 777-778 (2). The State has pointed us to no argument by Walker indicating any defect on the face of the accusation, and it is undisputed that Walker did not file a motion to quash, nor did the trial court sua sponte quash the indictment. See generally *Gourley v. State*, 268 Ga. 235 (486 SE2d 342) (1997). Further, as the Supreme Court remarked, "nothing in the record indicates that the State asked for a continuance or requested the entry of an order of nolle prosequi in order to extend the statute of limitation for an additional six months." *Walker II*, 312 Ga. at 640-641 (1). The State could have timely prosecuted the case. It did not, so the defendant moved to dismiss for want of prosecution, after more than two years had passed between the

commission of the crimes and the commencement of prosecution, see OCGA § 17-3-1 (e).

We decline to "read into the statute an element . . . that is not present." See *Nalls v. State*, 304 Ga. 168, 178 (3) (a) (815 SE2d 38) (2018) (footnote omitted); see generally *Abdulkadir v. State*, 279 Ga. 122, 124 (2) (610 SE2d 50) (2005) ("A court of law is not authorized to rewrite the statute by inserting additional language that would expand its application . . . .").

Construing the statute as we must, see *Green*, 311 Ga. at 242 (1), *Outen*, 296 Ga. at 43-45 (2), we find no error on the part of the trial court and affirm.

*Judgment affirmed. Doyle, P. J., and McFadden, P. J., concur*.